IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01158-MSK-KLM

BLUMEDIA INC., a Colorado corporation, a/k/a Intense Cash d/b/a BrokeStraightBoys.com and d/b/a BrokeStraightGuys.com,

Plaintiff,

v.

SORDID ONES BV d/b/a GAYGRAVY.COM and d/b/a ADULTDEVELOPMENTS.com and d/b/a STUDPAY.COM,
JOHN DOES 1-20,
JANE DOES 1-20, and
XYZ COMPANIES 1-20,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Order Permitting Alternate Service of the Summons and Complaint on Defendants** [Docket No. 18; Filed December 13, 2010] (the "Motion"). Plaintiff requests that it be allowed to serve the Summons and Complaint "by means of email to the Defendants' last known valid email addresses without requirement of return receipt." *Motion* [#18] at 1-2. Plaintiff represents that email service is necessary because Defendants will otherwise "most certainly evade process" as they utilize a "false Netherlands address." *Memorandum of Points and Authorities* [Docket No. 18-3] at 2, ¶4. Plaintiff further represents that despite "diligent efforts," it has been "unable to physically locate the Defendants and/or their true identities, other than by means of electronic mail address." *Id.* [#18-3] at 4, ¶14.

**I. Factual Background**

Plaintiff explains that it has made at least five attempts to serve Defendants or obtain information about their location. First, Plaintiff's process server, Jason Tucker ("Tucker"), unsuccessfully attempted to serve the Summons and Complaint at an office suite located at 333 Front Street, Burbank, California on May 26, 2010. *Id.* at 4, ¶14; *Declaration of Jason Tucker* [Docket No. 18-2] at 2. Counsel for Plaintiff states that he "discovered" this office suite, which he calls "a working office utilized by Defendants that is not published in their public business profiles." *Declaration of Chad Belville* [Docket No. 18-1] at 6, ¶4; *see Declaration of Jason Tucker* [#18-2] at 2, ¶4 (describing the office suite as Defendants' "known place of business"). Counsel for Plaintiff fails to explain how he discovered the office suite or why he believed it to be "a working office utilized by Defendants." *Declaration of Chad Belville* [#18-1] at 6, ¶4. He also fails to explain what he means by the Defendants' "public business profiles." *Id.* Tucker describes his unsuccessful attempt to serve the Summons and Complaint as follows:

> I knocked on the office door and heard movement inside the office however the door remained locked. I slid the Complaint and Summons under the door. Someone behind the door slid the documents back out. I then slid the documents back under the door and the documents were pulled through by someone behind the door. The door was never opened.

*Declaration of Jason Tucker* [#18-2] at 2, ¶4.

Second, Tucker made "further attempts to serve the [Summons and Complaint] at the known address of 333 Front Street, Burbank, CA," but the office suite was "abandoned." *Id.* at 2, ¶7.

Third, Tucker sent the Complaint and Summons "by United States Registered Mail to the Defendant[s'] published address at BV Dokweg 27 B Ijmuden, Noord Holland

1976CA[,] Netherlands" on July 19, 2010. *Id.* at 2, ¶5. The documents were returned to Tucker marked "not claimed." *Id.* Tucker does not state where the Dutch address was "published." *Id.* Plaintiff also fails to explain how the address was obtained. Instead, Plaintiff states cryptically that the address was "listed on the Defendant's whois information." *Memorandum of Points and Authorities* [#18-3] at 2, ¶7. The Court has no idea what Plaintiff means by this. Presumably Plaintiff, Plaintiff's counsel, or Tucker found the address on a website purportedly operated by Defendants, but Plaintiff has simply not provided enough information for the Court to make this assumption.

Fourth, Tucker sent the Complaint and Summons "by United States [sic] . . . to the known address at 333 Front Street, Burbank, California" on July 19, 2010. *Declaration of Jason Tucker* [#18-2] at 2, ¶6. The documents were returned to Tucker marked "Attempted Unknown." *Id.*

Fifth and finally, Plaintiff's counsel states that he was "contacted by an attorney in California requesting information regarding a subpoena served on GoDaddy[,] Inc., the Arizona registrar of Defendant[s'] internet domains." *Declaration of Chad Belville* [#18-3] at 2, ¶6. Plaintiff's counsel represents that this attorney "refused to disclose location or identity of his client(s)." *Id.* Again, Plaintiff's counsel fails to provide the Court with adequate information. He does not provide any information about the subpoena, he does not offer any facts that clearly suggest that the mysterious attorney in California represents Defendants, nor does he offer facts which suggest that the California attorney may not be served as an agent or representative of Defendants. *See generally* Fed. R. Civ. P. 4(h)(1)(B) and (e)(2)(C).

In addition to the five attempts to serve or obtain information about Defendants

described above, Plaintiff's counsel states that he has generally "engaged in research directed at finding a current physical location for any of the Defendants" to no avail. *Declaration of Chad Belville* [#18-2] at 2, ¶6. Plaintiff represents that at this point it knows only one method by which it suspects Defendants can be contacted, i.e., via email at one of the following five email addresses: "boris@gaygravy.com, Vladimir@gaygravy.com, Jason@sobvsites.com, Jason@gaygravy.com, and privacy@pocketdomain.com." *Memorandum of Points and Authorities* [#18-3] at 5, ¶21.

## II. Analysis

As an initial matter, Plaintiff has not established whether Defendants are located within a judicial district of the United States or not. Plaintiff simply states that Defendants "are international intellectual property scofflaws" and explains that it somehow obtained two physical addresses, one in the United States and one in the Netherlands, that it suspected were locations of Defendants' offices. *Id.* at 1, ¶1. The Federal Rules of Civil Procedure provide different service methods and requirements for defendants located "in a judicial district of the United States" and defendants located "at a place not within any judicial district of the United States." Fed. R. Civ. P. 4. The Court cannot determine whether service of process on defendants by email is permissible or appropriate without either (1) knowing where the defendants are located or (2) having an unequivocal representation from the plaintiff that the defendants' whereabouts are completely unknown. In this case, the Court does not know where Defendants are located. And Plaintiff has not unequivocally represented that Defendants' whereabouts are completely unknown. Instead, Plaintiff represents that (1) it somehow obtained a Dutch address for Defendants, and (2) Defendant "Sordid Ones BV claims to be a company located in Netherlands," *Memorandum*

*of Points and Authorities* [#18-3] at 4, ¶16. Although Plaintiff claims that the Dutch address is "false," *id.* at 2, ¶4, the claim is based solely on the fact that mail sent to the address was returned on one occasion. Plaintiff has therefore not unequivocally represented that Defendants' whereabouts are completely unknown. Accordingly, the Court conducts two alternative analyses.

**A. If Defendants Are Assumed To Be Located Within the United States**

Fed. R. Civ. P. 4(e) and (h)(1) govern service of an individual or corporation, partnership, or association within a judicial district of the United States. These rules do not permit service by email. Accordingly, if the Court assumes that Defendants are located within the United States, Plaintiff's Motion must be denied.

**B. If Defendants Are Assumed To Be Located in the Netherlands**

Fed. R. Civ. P. 4(f) and (h)(2) govern service of an individual or corporation, partnership, or association located at a place not within any judicial district of the United States. Fed. R. Civ. P. 4(f)(3) provides that service at a place not within any judicial district of the United States may be effected "by other means not prohibited by international agreement, as the court orders." *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)."). Plaintiff argues that this provision permits service by email. Plaintiff states that it "is unaware of any international agreement with the Netherlands which prohibits service via email." *Memorandum of Points and Authorities* [#18-3] at 4, ¶16.

If Defendants are assumed to be located in the Netherlands – an assumption that

Plaintiff itself seems to make – then the Court must consider whether any agreements between the United States and the Netherlands preclude service by email. Both the United States and the Netherlands are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"). *See Cal. Bd. Sports, Inc. v. G.H. Dijkmans Beheer B.V.*, 2009 WL 3448456, at *1 (S.D. Cal. Oct. 21, 2009). The Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions [will] receive actual notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 466 U.S. 694, 698 (1988). The Convention applies "where there is occasion" to transmit a judicial document for service abroad. *Id.* at 702 (quoting Article 1 of the Convention). Compliance with the Convention is mandatory in all cases to which it applies. *Id.* at 705. The Convention, by its express terms, does not apply "where the address of the person to be served with the document is not known." 20 U.S.T. 362, T.I.A.S. 6638, Art. 1.

The primary means by which service is accomplished under the Convention is through a receiving country's "central authority" designated to receive requests for service of documents from other countries. *Id.* at Art. 2. However, this is not the exclusive approved method of service under the Convention. Signatories can use a variety of additional methods of service. For instance, a signatory nation may effect service abroad directly through that nation's diplomatic or consular agents. *Id.* at Art. 8. Article 9 permits signatories to use these agents to forward documents to designated authorities in the receiving nation, who then must serve process on the parties. The Convention also allows signatories to agree to other methods of service besides those listed therein. *Id.* at Art. 11. The Convention "neither provides for nor prohibits" email service. *Cal. Bd. Sports*, 2009

WL 3448456, at *1.

When a requested alternative method of service is not prohibited by international agreement, whether to permit the method "is a matter of discretion" for the Court. *Malone v. Highway Star Logistics, Inc.*, 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009) (citing *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)); *see also Rio Properties*, 284 F.3d at 1016 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Prior to granting a motion to allow alternate service under Rule 4(f)(3), "the court may require that plaintiff show that he made 'reasonable efforts to serve the defendant' and 'that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Malone*, 2009 WL 2139857, at *2 (quoting *Studio A Entm't, Inc. v. Active Distributors, Inc.*, 2008 WL 162785, at *3 (N.D. Ill. Jan. 15, 2008)).

In this case, Plaintiff has not attempted to effect service on Defendants at the "BV Dokweg 27 B Ijmuden, Noord Holland 1976CA[,] Netherlands" address pursuant to the Convention's central authority procedure. Although allowing alternate service of process under Rule 4(f)(3) "is neither a last resort nor extraordinary relief," *Rio Properties*, 284 F.3d at 1015 (internal quotations omitted), the Court finds that, under the circumstances of this case, requiring Plaintiff to first attempt service pursuant to the Convention's central authority procedure is appropriate. Even if Defendants are not in fact located at "BV Dokweg 27 B Ijmuden, Noord Holland 1976CA[,] Netherlands" or the address proves to be false, authorities in the Netherlands may have information about Defendants that can be used to effect traditional service. Accordingly, the Court finds that it is reasonable to

require Plaintiff to attempt to effect service pursuant to Fed. R. Civ. P. 4(f)(1) and the Convention central authority procedures before seeking authorization for alternate service.

**III. Conclusion**

Regardless of whether the Court assumes that Defendants are located in the United States or the Netherlands, authorizing service by email is not warranted at this time. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

DATED: January 6, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge